IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| James M. Broten, #11073-052, | ) | Civil Action No.: 8:04-1413-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Charleston County Detention Center, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, a federal prisoner proceeding pro se, filed this action on May 26, 2004, seeking relief pursuant to 42 U.S.C. § 1983. The plaintiff is seeking damages for alleged substandard conditions of confinement at the Charleston County Detention Center ("CCDC") which he alleges were violative of his constitutional rights.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. On August 2, 2004, defendants United States Marshals Service ("USMS") and D. Lynes filed a motion for summary judgment on the ground that this court does not have subject matter jurisdiction. As the plaintiff is proceeding pro se, he was informed on August 5, 2004, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), of the possible consequences if he failed to adequately respond. The plaintiff filed a response. On February 10, 2005, the Magistrate Judge filed a Report and Recommendation which recommended that defendants USMS and D. Lynes motion for summary judgment be granted. On March 31, 2005, this court adopted the Magistrate Judge's Report and granted defendants USMS and D. Lynes motion for summary judgment.

On July 18, 2005, defendants Charleston County Detention Center, J. Al Cannon, Jr., Roland H. Windham, Jr., and K.P. Novak filed a motion for summary judgment (Doc. # 44). On February 25, 2005, a Roseboro Order was sent to the plaintiff informing him of the possible consequences if he failed to adequately respond. On March 3, 2005, the plaintiff filed a response in opposition to the above named defendants' motion for summary judgment (Doc. # 49).

On April 1, 2005, the Magistrate Judge issued an Order giving the plaintiff through April 25, 2005, to respond to the above named defendants' motion for summary judgment. However, as stated above, the plaintiff had already filed a response on March 3, 2005.

On May 25, 2005, the unknown CCDC Nurse Betty filed a motion to dismiss, or in the alternative, motion for summary judgment (Doc. # 62). On May 27, 2005, a Roseboro Order was sent to the plaintiff informing him of the possible consequences if he failed to adequately respond to this motion. On May 27, 2005, defendants Charleston County Detention Center, Officer Forrester, and Officer Tipton filed a motion for summary judgment (Doc. # 64). On May 27, 2005, a Roseboro Order was sent to the plaintiff informing him of the possible consequences of failure to respond to this motion.

On July 5, 2005, the Magistrate Judge issued a Report and Recommendation which recommends that this court dismiss this case for lack of prosecution. The Magistrate Judge states that on May 25, 2005, defendant unknown Nurse Betty filed a motion for summary judgment. The Magistrate Judge points out that a Roseboro Order was mailed to the plaintiff's last known address on May 27, 2005. The envelope containing the Order was returned to the court marked "Return to Sender, No Forwarding Order on File" and "Not Here." The Roseboro Order was mailed again on June 14, 2005, and it was also returned. The Magistrate Judge concludes that it appears the plaintiff no longer wishes to pursue this action.

The Magistrate Judge only makes a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Matthews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

On July 8, 2005, the plaintiff filed a motion requesting an extension of time to file objections to the Magistrate Judge's Report and Recommendation. On July 11, 2005, this court granted the plaintiff's motion. On August 15, 2005, the Clerk of Court docketed what purported to be the plaintiff's objections to the Magistrate Judge's Report. However, it is a response in opposition to defendants CCDC, Officer Forrester and Officer Tipton's motion for summary judgment (Doc. # 64). The plaintiff also notes in this document that he has moved and provided an updated address.

The court has thoroughly considered the Magistrate Judge's recommendation. This plaintiff has been notified in the past that it is his duty to update the court if his address changes. It is apparent to this court that the plaintiff has been extremely derelict in this duty. However, the court keeps in mind that pro se litigants are entitled to some deference. Likewise, the court notes that the plaintiff did respond to a motion for summary judgment (Doc. #44) filed by several of the defendants before the Magistrate Judge issued the Report recommending dismissal because the plaintiff had failed to respond to latter motion for summary judgment filed by another defendant. Although this court recognizes the Magistrate Judge's reasoning in the Report, considering this recent filing which responds to a motion for summary judgment (Doc. # 64) and provides a new address, this court respectfully rejects the Magistrate Judge's recommendation. This case is hereby recommitted to the Magistrate Judge for

further handling and reconsideration of the pending motions. The plaintiff should be sent a Roseboro Order at the updated address explaining to him that defendant unknown Nurse Betty has filed a motion for summary judgment. The Clerk of Court is instructed to update the plaintiff's address on file to reflect the one provided in the plaintiff's August 15, 2005, filing. The Magistrate Judge is also specifically instructed to issue a Report and Recommendation, which among other things, analyzes defendants Charleston County Detention Center, J. Al Cannon, Jr., Roland H. Windham, Jr., and K.P. Novak's motion for summary judgment (Doc. #44), which was responded to by the plaintiff on March 3, 2005, and was ripe for consideration before the present Report and Recommendation was issued.

Further, this court hereby finds that plaintiff's motion for default judgment (Doc. # 27) is **MOOT**.

**AND IT IS SO ORDERED**.

    s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
September 1, 2005