IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| James M. Broten, # 11073-052,  ) | Civil Action No.: 8-04-1413-RBH |
| ) | |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | **O R D E R** |
| ) | |
| Charleston County Detention Center, et al.,  ) | |
| ) | |
| Defendants.  ) | |
| _____ ) | |

The plaintiff, a former federal pretrial detainee proceeding pro se, filed this action on April 12, 2004, seeking relief pursuant to 42 U.S.C. § 1983 for several alleged civil rights violations. In the complaint, Plaintiff named the following Defendants: the Charleston County Detention Center ("CCDC"); J. Al Cannon, Jr., the sheriff of Charleston County; K.P. Novak, the chief deputy of Charleston County; Roland H. Windham, Jr., Charleston County Administrator; the United States Marshals Service ("USMS"); and D. Lynes, Interim Chief, USMS. On June 16, 2004, Plaintiff filed a motion to amend the complaint. On July 16, 2004, the court granted Plaintiff's motion and the following Defendants were added: CCDC Officer Forrester; CCDC Officer Tipton; and unknown CCDC Nurse Betty.

On August 2, 2004, Defendants USMS and D. Lynes filed a motion for summary judgment. By Order dated March 31, 2005 [Entry # 54], this court adopted the Magistrate Judge's Report and Recommendation and granted Defendants USMS and D. Lynes' motion for summary judgment.

Presently before the court is a motion for summary judgment filed by Defendants CCDC, Cannon, Windham and Novak on February 18, 2005. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce H. Hendricks for

a Report and Recommendation. As the plaintiff is proceeding pro se, the Magistrate Judge issued an Order on February 25, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), informing the plaintiff of the defendants' motion for summary judgment and the possible consequences if he failed to adequately respond. On March 3, 2005, the plaintiff filed a response in opposition to the motion for summary judgment. On September 8, 2005, the Magistrate Judge filed a detailed and comprehensive Report and Recommendation in which she recommends to this court that Defendants CCDC, Cannon, Windham and Novak's motion for summary judgment be granted.

The Magistrate Judge only makes a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Matthews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After receiving the Magistrate Judge's Report and Recommendation, the plaintiff began filing a series of motions requesting extensions of time to file objections, however, the plaintiff never actually filed any objections. Therefore, this court entered an Order on January 19, 2006, explaining to the plaintiff that the court could not continue to delay this matter any further and the plaintiff was given a final extension of time to file any objections that he may have to the Report and Recommendation.

On January 25, 2006, the Clerk of Court docketed what purported to be objections to the Magistrate Judge's Report and Recommendation. After further review, it appears the plaintiff has filed

an "Answer to Magistrate Judge" [Entry # 98]. This court is of the opinion that this filing does not satisfy the specificity requirement outlined in Rule 72(b) of the Federal Rules of Civil Procedure.[1] Plaintiff's filing is basically an attempt to rehash the allegations of his complaint and his opposition to the pending motion for summary judgment. Plaintiff points to very few findings in the Report and Recommendation to which he takes specific objection. Without specific objection to the Magistrate Judge's reasoning, this court does not have to discuss the conclusion reached by the Magistrate Judge any further. See 28 U.S.C. § 636(b)(1)(C) (If a party objects, the district court "shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made") (emphasis added); see also Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review). Yet, this court keeps in mind that the plaintiff is a pro se litigant and is entitled to some deference. Therefore, out of an abundance of caution, the court will attempt to identify those portions of the Report and Recommendation the plaintiff appears to object.

---

[1] Rule 72(b) states:

> Within ten days after being served with a copy of the recommended disposition, a party may serve and file **specific, written objections to the proposed findings and recommendations**. . . . The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of **any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule**.

Fed.R.Civ.P. 72(b) (emphasis added).

Exhaustion of Administrative Remedies

Initially, the court notes that all of the allegations in the plaintiff's complaint which affect the above named defendants concern conditions of confinement at CCDC. As such, the Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a § 1983 action concerning confinement conditions. 42 U.S.C. § 1997e(a). In Porter v. Nussle, 534 U.S. 516 (2002), the United States Supreme Court found that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.

In the plaintiff's "objections" he states that he has "written literally hundreds of grievances while at CCDC and received responses to less than 20%." However, there is no documentary evidence in the record before this court that the plaintiff has followed the grievance procedure available to prisoners in South Carolina as set forth in Al-Shabazz v. State of South Carolina, 527 S.E.2d 742 (S.C. 2000), including appeal of any CCDC determination to the South Carolina Administrative Law Division. Consequently, the plaintiff has failed to establish that he exhausted his administrative remedies pursuant to § 1997e(a) and this complaint should be dismissed on those grounds. However, the Magistrate Judge went on to consider the plaintiff's allegations and the pending motion for summary judgment on the merits and therefore, this court will attempt to address any particular objections the plaintiff makes regarding the Magistrate Judge's analysis in the Report and Recommendation.

Kosher Meals

The plaintiff alleges in his complaint that his constitutional rights were violated because CCDC does not provide kosher meals and that kosher meals are not available in the canteen. The plaintiff

states in his "objections" that he objects to the Magistrate Judge's reliance on the affidavit of Sabrina Crawford, the Director of Support Services at CCDC, in which she indicates that kosher meals are in fact served at CCDC and that kosher items are available at the canteen. Plaintiff states that CCDC did not sell "kosher grape juice" while he was at CCDC and that he does not believe they sell it now.

Regardless of whether or not the plaintiff agrees with the Ms. Crawford's affidavit and the Magistrate Judge's reliance on such, this court points out that the Magistrate Judge did not solely rely on Ms. Crawford's affidavit, as the Magistrate Judge notes in the Report that CCDC is not required to serve a special diet if inmates can voluntarily refrain from eating the inedible food and maintain an adequate diet. See Abernathy v. Cunningham, 393 F.2d 775, 778 (4th Cir. 1968). This court finds that irrespective of whether CCDC served kosher meals, the plaintiff has not shown that he was unable to maintain an adequate diet when refraining from the inedible food. Therefore, the court finds that this "objection" is without merit.

Law Library

The plaintiff states in his complaint that pretrial detainees do not have access to a law library at CCDC. However, in his "objections" the plaintiff states that the law library at CCDC was inadequate. The plaintiff argues that jail authorities must provide all prisoners access to *adequate* law libraries or assistance from persons trained in the law. The plaintiff notes that while he was at CCDC he was a pretrial detainee with pending federal criminal charges. However, the plaintiff states that law library at CCDC had no federal criminal law books.

As the Magistrate Judge notes in the Report, this claim is governed by the First Amendment right of access to the courts. To state a constitutional claim for denial of access to the courts, a prisoner

must show that the alleged shortcomings "hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996). This court concurs with the Magistrate Judge that the plaintiff in this case has not made such a showing. As the Magistrate Judge states in the Report, regardless of the adequacy of the law library, at all pertinent times during the plaintiff's detention at CCDC he was a federal pretrial detainee with pending federal criminal charges and was represented by counsel. It had been held that the assistance of counsel satisfies the requirement of access to the courts. See United States v. Chatham, 584 F.2d 1358 (4th Cir. 1978). As such, this court finds that the plaintiff's "objection" in this regard is without merit.

The court notes that the plaintiff's complaint alleges a laundry list of alleged violations and in his filing which purports to be "objections" the plaintiff briefly mentions some of those. However, as the Magistrate Judge mentions in the Report and Recommendation, "[n]ot every hardship encountered during pretrial detention amounts to 'punishment' in the constitutional sense." Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992). Likewise, as noted above, this court has a duty to make a de novo determination of only those portions of the Magistrate Judge's Report to which specific objection is made. Therefore, under this standard, the court will not discuss every remark or statement made by the plaintiff in his purported "objections."

After carefully reviewing the Report, objections, pleadings, memoranda and applicable law, the court adopts the Magistrate Judge's Report and Recommendation [Entry # 77], and incorporates it herein. The plaintiff's "objections" to the Report are hereby overruled. Accordingly, Defendants CCDC, Cannon, Windham and Novak's motion for summary judgment [Entry # 44] is **GRANTED**.

**AND IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
February 14, 2006