**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION**

| | |
|---|---|
| James M. Broten, # 11073-052, ) | Civil Action No.: 8-04-1413-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Charleston County Detention Center, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, a former federal pretrial detainee proceeding pro se, filed this action on April 12, 2004, seeking relief pursuant to 42 U.S.C. § 1983 for several alleged civil rights violations. In the complaint, Plaintiff named the following Defendants: the Charleston County Detention Center ("CCDC"); J. Al Cannon, Jr., the sheriff of Charleston County; K.P. Novak, the chief deputy of Charleston County; Roland H. Windham, Jr., Charleston County Administrator; the United States Marshals Service ("USMS"); and D. Lynes, Interim Chief, USMS. On June 16, 2004, Plaintiff filed a motion to amend the complaint. On July 16, 2004, the court granted Plaintiff's motion and the following Defendants were added: CCDC Officer Forrester; CCDC Officer Tipton; and unknown CCDC Nurse Betty.

On August 2, 2004, Defendants USMS and D. Lynes filed a motion for summary judgment. By Order dated March 31, 2005, this court adopted the Magistrate Judge's Report and Recommendation and granted Defendants USMS and D. Lynes' motion for summary judgment. On February 18, 2005, Defendants CCDC, Cannon, Windham and Novak filed a motion for summary judgment. By Order dated February 14, 2006, this court adopted the Magistrate Judge's Report and Recommendation and granted Defendants CCDC, Cannon, Windham and Novak's motion for summary judgment.

Presently before the court is Defendant unknown CCDC Nurse Betty's motion to dismiss or, in the alternative motion for summary judgment and Defendants CCDC Officers Forrester and Tipton's motion for summary judgment which were filed on May 25 & 27, 2005, respectively. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce H. Hendricks for a Report and Recommendation. As the plaintiff is proceeding pro se, the Magistrate Judge issued Orders on May 27, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), informing the plaintiff of both motions and the possible consequences if he failed to adequately respond to them. On August 15, 2005, the plaintiff filed a response in opposition to Defendants Forrester and Tipton's motion for summary judgment. After a series of delays, the plaintiff eventually filed a response in opposition to Defendant unknown CCDC Nurse Betty's motion to dismiss or, in the alternative motion for summary judgment on December 12, 2005. On January 3, 2006, the Magistrate Judge filed a detailed and comprehensive Report and Recommendation in which she recommends to this court that both Defendant unknown CCDC Nurse Betty's motion to dismiss or, in the alternative motion for summary judgment [Entry # 62] and Defendants CCDC Officers Forrester and Tipton's motion for summary judgment [Entry # 64] be granted.

The Magistrate Judge only makes a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Matthews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this court is not required to give any explanation for

adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After receiving the Magistrate Judge's Report and Recommendation, the plaintiff began filing a series of motions requesting extensions of time to file objections, however, the plaintiff never actually filed any objections. Therefore, this court entered an Order on January 19, 2006, explaining to the plaintiff that the court could not continue to delay this matter any further and the plaintiff was given a final extension of time to file any objections that he may have to the Report and Recommendation.

On January 30, 2006, the Clerk of Court docketed what purported to be objections to the Magistrate Judge's Report and Recommendation. After further review, it appears the plaintiff has filed an "Response to Report of Magistrate Judge" [Entry # 101]. This court is of the opinion that this filing does not satisfy the specificity requirement outlined in Rule 72(b) of the Federal Rules of Civil Procedure.[1] Plaintiff's filing is basically an attempt to rehash the allegations of his complaint and his opposition to the pending motion for summary judgment. Plaintiff points to very few findings in the Report and Recommendation to which he takes specific objection. Without specific objection to the Magistrate Judge's reasoning, this court does not have to discuss the conclusion reached by the Magistrate Judge any further. See 28 U.S.C. § 636(b)(1)(C) (If a party objects, the district court "shall make a de novo determination of those portions of the report or *specified* proposed findings or

---

[1] Rule 72(b) states:

> Within ten days after being served with a copy of the recommended disposition, a party may serve and file **specific, written objections to the proposed findings and recommendations**. . . . The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of **any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule**.

Fed.R.Civ.P. 72(b) (emphasis added).

3

recommendations to which objection is made") (emphasis added); see also Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review). Yet, this court keeps in mind that the plaintiff is a pro se litigant and is entitled to some deference. Therefore, out of an abundance of caution, the court will attempt to identify those portions of the Report and Recommendation the plaintiff appears to object. Yet, this court keeps in mind that the plaintiff is a pro se litigant and is entitled to some deference. Therefore, out of an abundance of caution, the court will attempt to identify those portions of the Report and Recommendation the plaintiff appears to object.

Initially, as the Magistrate Judge notes, all of the allegations the plaintiff makes against the present defendants (Officers Forrester and Tipton and unknown Nurse Betty) are found in the plaintiff's motion to amend the complaint. In the motion to amend the complaint to add the above named defendants the plaintiff alleges that he had been on administrative lock-down for a period of two days, that certain legal materials had been removed from his cell, that Tylenol pills were removed from his cell and that he was administratively punished for possessing the pills, that he has been refused the ability to make photocopies and that he has not been allowed to see a psychiatrist for anxiety attacks. Importantly, in the plaintiff's motion to amend the complaint to add the above named defendants the plaintiff only asks for injunctive relief, *i.e.*, he asks that the court issue an injunction to the United States Marshals Service to remove him from CCDC. The court notes that the plaintiff has since been transferred from CCDC and is now serving a sentence in a federal correctional institute. Therefore, the plaintiff's request for relief against the present defendants is moot.

Plaintiff acknowledges such in his "objections" to the Magistrate Judge's Report and Recommendation and requests that this court allow him to amend his complaint to request monetary

damages from the above named defendants. Although this court finds that the plaintiff's request to amend his complaint at this juncture is untimely and should be denied on that ground, the court notes that the Magistrate Judge went beyond this pleading deficiency and addressed the plaintiff's allegations against the above named defendants and their motions on the merits and thus, this court will proceed to address any valid objections thereto.

Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a § 1983 action. 42 U.S.C. § 1997e(a). The Magistrate Judge states in the Report and Recommendation that the plaintiff has failed to exhaust his administrative remedies. In the plaintiff's "objections," the plaintiff states that since his allegations relate to a "substantial constitutional question" the PLRA's exhaustion requirement "can be excused." However, as the Magistrate Judge notes, the United States Supreme Court recently held in Porter v. Nussle, 534 U.S. 516 (2002), that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Therefore, this court finds that the plaintiff's blanket assertion that his failure to exhaust available administrative remedies is "excused" because his allegations deal with constitutional questions or violations is without merit.

Apparently as an alternative argument, the plaintiff further states in his "objections" that he did in fact exhaust his administrative remedies. The plaintiff states that he proved this "by sending a copy of the denial of my US Tort Claim form (See item A)." This court is at a loss of what form the plaintiff references. To the extent the plaintiff is referring to a Standard Form 95 (a Federal Tort Claims Act

5

Form), such has nothing to do with exhaustion of administrative remedies. However, the court notes that the Magistrate Judge states in the Report that the plaintiff attached as part of his complaint, a record of his grievance process (Ex. B). On this form, in response to Question C (2), the plaintiff states that he filed a grievance, and in response to Question D, the plaintiff indicates that he has received a verbal determination regarding this matter. However, the plaintiff did not answer the remaining questions. Therefore, this court concurs with the Magistrate Judge that there is no documentary evidence in the record that the plaintiff has followed the grievance procedure available to prisoners in South Carolina as set forth in Al-Shabazz v. State of South Carolina, 527 S.E.2d 742 (S.C. 2000), including appeal of the CCDC's determination to the South Carolina Administrative Law Division. Consequently, this court concurs with the Magistrate Judge that the plaintiff has failed to establish he has exhausted his administrative remedies pursuant to § 1997e(a). For the above reasons, this court finds the plaintiff's statement in his "objections" that he did exhaust his administrative remedies is without merit. Failure to exhaust administrative remedies should warrant dismissal of the plaintiff's complaint, however, out of an abundance of caution the Magistrate Judge addresses the merits of the plaintiff's allegations against the above named defendants and their motions in the Report and Recommendation. Therefore, this court will proceed to address any valid objections the plaintiff makes to the Report and Recommendation.

Conditions of Confinement

The Magistrate Judge notes in the Report that the plaintiff's original complaint alleges a laundry list of alleged constitutional violations that relate to the conditions of his confinement (*e.g.* kosher meals, adequacy of law library, and cost of telephone calls). However, there are no specific claims in the original complaint against the particular defendants (Officers Forrester and Tipton and unknown

6

Nurse Betty) who are the subject of the motions which are presently before the court. However, in the Report and Recommendation the Magistrate Judge addresses many of the conditions of confinement allegations of the original complaint as they *might* relate to Defendants Forrester, Tipton and unknown Nurse Betty. The Magistrate Judge indicates that she does such out of an abundance of caution.

Importantly, in the plaintiff's "objections" to the Report and Recommendation the plaintiff states that the amended complaint (his motion to amend the complaint) "does not speak to kosher meals and as such, I do not understand the argument brought by the Magistrate Judge that kosher food has anything to do with the retaliation and retribution meeted out to me by defendants Forrester, Tipton, and [Nurse] Gibson." Essentially, the plaintiff is stipulating that his allegations against the present defendants do not include the conditions of confinement allegations contained in the original complaint. Therefore, this court will not attempt to address any further "objections" to the Report which deal with conditions of confinement allegations. However, as noted above, the Magistrate Judge only included discussion of those allegations in the present Report and Recommendation out of an abundance of caution as this action has a somewhat complicated procedural history.

Qualified Immunity

The plaintiff states in his "objections" with regard to qualified immunity, that Officers Forrester and Tipton "were directly and personally responsible for taking my liberty rights by giving me 2 days of solitary confinement for their false charges." The plaintiff goes on to state that "[t]hey have voided their immunity and are liable for their personal actions."

The Magistrate Judge concludes in the Report that there is no evidence that the plaintiff was injured in any way by the alleged actions of Defendants Forrester and Tipton. Further, the Magistrate

Judge states that since the plaintiff has failed to demonstrate that the actions of Defendants Forrester and Tipton violated any of the plaintiff's constitutional rights, these defendants are entitled to qualified immunity. This court concurs with the Magistrate Judge's determination of Defendants Forrester and Tipton's entitlement to qualified immunity and finds any "objection" the plaintiff has to this determination to be without merit. Likewise, as noted above, the only relief which the plaintiff sought for these defendants' alleged actions, injunctive relief, is moot as the plaintiff is no longer housed at CCDC.

Defendant Unknown Nurse Betty

The plaintiff states in his "objections" that he has addressed the law with regard to Defendant Unknown Nurse Betty and the Magistrate Judge has not responded to his arguments. This court cannot construe this statement to be a valid "objection," even under the most liberal standard. Yet, contrary to the plaintiff's assertion, the Magistrate Judge did address the plaintiff's allegations regarding Nurse Betty in the Report and Recommendation. The Magistrate Judge states that the only allegations the plaintiff makes regarding Nurse Betty is that he was confronted by Officers Forrester and Tipton about Tylenol in his cell, the plaintiff told them to call Nurse Betty to confirm that she had given him the excess medicine. The plaintiff then alleges that Nurse Betty lied and told the officers that she had not given the plaintiff the medicine, resulting in the plaintiff being "locked down" for two days. The Magistrate Judge concludes and this court concurs that these allegations do not state a claim of constitutional proportion. For this reason, the court finds that the plaintiff's "objection" in this regard is without merit.

After carefully reviewing the Report, objections, pleadings, memoranda and applicable law, the

court adopts the Magistrate Judge's Report and Recommendation [Entry # 93], and incorporates it herein. The plaintiff's "objections" to the Report are hereby overruled. Accordingly, both Defendant unknown CCDC Nurse Betty's motion to dismiss or, in the alternative motion for summary judgment [Entry # 62] and Defendants CCDC Officers Forrester and Tipton's motion for summary judgment [Entry # 64] are **GRANTED**. Likewise, the plaintiff's motion [Entry # 88] requesting "Reversal of Report of Magistrate Judge (Item 42)" is **DENIED**.[2] All of the remaining motions in this case are hereby deemed **MOOT**.

    **AND IT IS SO ORDERED**.

                                                     s/ R. Bryan Harwell
                                                     R. Bryan Harwell
                                                     United States District Judge

Florence, South Carolina
February 15, 2006

---

[2] This motion was filed on November 28, 2005. Essentially, the plaintiff requests that this court "reverse" the Magistrate Judge's Report and Recommendation dated February 10, 2005. As mentioned above, by Order dated March 31, 2005, this court adopted the Report and Recommendation at issue and granted Defendants USMS and D. Lynes' motion for summary judgment. Before the Court adopted the Report and Recommendation at issue the plaintiff filed objections to the Report and this court considered those objections in its Order. This court finds that the plaintiff's motion "to reverse" offers no compelling reason for altering or amending the court's Order.

9